IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DIANA CARBAJAL-ALVARADO,**     *

    Petitioner,     *

v.     *     Civ. No. DLB-26-210

**KRISTI NOEM,** *Secretary of DHS, et al.,*     *

    Respondents.     *

**ORDER**

Diana Carbajal-Alvarado, a 19-year-old native and citizen of Honduras, entered the country in September 2024 with her minor son. ECF 1, ¶ 1. She and her son were apprehended at the border, placed in removal proceedings, and released on supervision. *Id.* ¶¶ 1, 24. She has no criminal record and has applied for asylum. *Id.* ¶¶ 1, 4. Until her arrest, Carbajal-Alvarado resided in Maryland with her partner and her child, who is currently two years old. *Id.* ¶¶ 4, 15. She has consistently checked in with Immigration and Customs Enforcement (ICE) as required. *Id.* ¶ 2.

On January 16, 2026, Carbajal-Alvarado was detained by ICE at an in-person check-in in Baltimore. *Id.* ¶ 13. She filed this petition for a writ of habeas corpus while detained in Baltimore. According to ICE's online detainee locator, Carbajal-Alvarado is currently detained in the Eloy Detention Center in Eloy, Arizona.

Carbajal-Alvarado argues that her detention violates her substantive and procedural due process rights and the Administrative Procedure Act and that her arrest violated the Fourth Amendment. She further argues that she is subject to detention under 8 U.S.C. § 1226(a), which permits those detained under its authority to receive bond hearings before an immigration judge, and that she is not subject to mandatory detention under 8 U.S.C. § 1225(b). *Id.* ¶ 24. Carbajal-Alvarado seeks, among other things, an order requiring the respondents to release her or provide

her a bond hearing within seven days. *Id.* ¶ 2 (prayer for relief). She also has filed a motion for a Temporary Restraining Order (TRO) seeking her release from detention. ECF 2.

Upon consideration of the petition for a writ of habeas corpus, ECF 1, the motion for a TRO, ECF 2, the notice filed jointly by the parties, ECF 8, and prior decisions by this Court and by judges in this district with which this Court agrees, *see, e.g.*, *Lopez v. Noem*, No. GLR-25-3662, 2025 WL 3496195 (D. Md. Dec. 5, 2025); *Bautista Villanueva v. Bondi*, No. ABA-25-4152, 2026 WL 100595 (D. Md. Jan. 14, 2026); and *Villanueva Funes v. Noem*, No. TDC-25-3860, 2026 WL 92860 (D. Md. Jan. 13, 2026), the Court finds that further briefing and a hearing are not necessary.

The Court finds that Carbajal-Alvarado is detained under § 1226(a) and is not subject to mandatory detention under § 1225(b). Carbajal-Alvarado may request and is entitled to a bond hearing before an immigration judge consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d), at which the immigration judge shall decide the merits of Carbajal-Alvarado's request for release from custody. The Court understands that an immigration judge may conclude that the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025)—in which the BIA held that immigration judges lack authority to consider bond requests filed by noncitizens who entered the United States without inspection—applies to Carbajal-Alvarado. To the extent an immigration judge so concludes, however, the Court disagrees with the holding in *Yajure Hurtado* and agrees with the vast majority of federal district courts who have held that *Yajure Hurtado* was wrongly decided. *See, e.g.*, *Hernandez-Lugo v. Bondi*, No. GLR-25-3434, 2025 WL 3280772, at *6 (D. Md. Nov. 25, 2025); *Afghan v. Noem*, No. SAG-25-4105, 2025 WL 3713732, at *2 (D. Md. Dec. 23, 2025); *Maldonado v. Baker*, No. TDC-25-3084, 2025 WL 2968042, at *4 (D. Md. Oct. 21, 2025); *H.G.V.U. v. Smith*, No. 25-cv-10931, 2025 WL 2962610, at *5 (N.D. Ill. Oct. 20, 2025); *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *7

(W.D. Ky. Nov. 4, 2025); *Lopez Vasquez v. Noem*, No. 5:25-cv-3087-FWS-SP, 2025 WL 4056018, at *5 (C.D. Cal. Nov. 19, 2025). If the immigration court concludes that it lacks jurisdiction to consider the merits of Carbajal-Alvarado's bond request on the basis of *Yajure Hurtado*, Carbajal-Alvarado will not receive the process to which this Order entitles her.

Therefore, it is this 26th day of January, 2026, in the United States District Court for the District of Maryland, hereby ORDERED that:

1. The motion for a Temporary Restraining Order, ECF 2, IS DENIED;

2. Carbajal-Alvarado's petition for a writ of habeas corpus IS GRANTED in part;

3. Carbajal-Alvarado SHALL FILE a motion seeking a bond hearing consistent with this Order, and the bond hearing SHALL BE HELD within 10 days of the filing of Carbajal-Alvarado's motion;

4. The bond hearing MAY BE conducted by any immigration court with jurisdiction or administrative control over Carbajal-Alvarado's detention and need not be conducted in Maryland;

5. The parties SHALL FILE a status report as soon as possible following the bond hearing before the immigration judge, but in any event no later than within seven days of the bond hearing;

6. If Carbajal-Alvarado is not provided a bond hearing, at which the merits of her request for release are reached, within 10 days of the filing of her motion, the respondents SHALL RELEASE Carbajal-Alvarado from detention, and such release SHALL BE subject to the same conditions that applied before Carbajal-Alvarado's January 16, 2026 arrest; and

7. The Court SHALL RETAIN jurisdiction over this matter to enforce compliance with this Order.

_____
Deborah L. Boardman
United States District Judge

4